NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSTAFA BOSTANCI, | : |
| Plaintiff, | : Civil Action No. 08-4339 (SRC) |
| v. | : **OPINION & ORDER** |
| NEW JERSEY CITY UNIVERSITY, | : |
| Defendant. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant New Jersey City University ("NJCU"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

Very briefly, this case arises from an employment dispute. The Complaint alleges that Plaintiff had been employed by NJCU, and that NJCU harassed, retaliated, and discharged him on account of his age. On August 29, 2008, Plaintiff filed the Complaint in this action, asserting eight counts of discharge, retaliation, and harassment in violation of the New Jersey Law Against Discrimination ("LAD"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant now moves to dismiss all claims in the Complaint, making three arguments.

**Sovereign immunity**

Defendants contend that the Plaintiff's ADEA claim is barred by Eleventh Amendment immunity, since NJCU is a state entity. As Defendants contend, the Supreme Court has held that the ADEA does not abrogate states' sovereign immunity. Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000). Yet the protection of sovereign immunity does not extend to political subdivisions of states. Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006). When inquiring as to whether an entity should be considered an arm of the state for Eleventh Amendment purposes, the Third Circuit has long applied a three-part test:

> More than thirty-five years ago the Third Circuit identified nine factors to be considered when determining whether an entity is an arm or alter ego of the state for Eleventh Amendment purposes. The numerous factors articulated in Urbano were subsequently condensed into three major criteria: (1) whether the payment of the judgment would come from the state, (2) what status the entity has under state law, and (3) what degree of autonomy the entity has.

Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006) (citation omitted). "The party asserting immunity bears the burden of production and persuasion." Id. Here, Defendant has not briefed the question of whether NJCU should be considered an arm of the state for Eleventh Amendment purposes, and thus has not met the burden of persuading this Court that NJCU is protected by sovereign immunity. As to the sovereign immunity argument, the motion to dismiss will be denied.

**Title VII**

Defendant argues that Plaintiff's claims under Title VII should be dismissed because Title VII provides no cause of action for discrimination on the basis of age. This is correct. Title VII protects against employment discrimination only on the basis of "race, color, religion, sex, or

2

national origin." 42 U.S.C. § 2000e-2(a)(1).  As to Plaintiff's Title VII claims, the motion to dismiss will be granted.

### LAD claims

Defendants contend that Plaintiff's claims under New Jersey's Law Against Discrimination ("LAD") are barred under that statute's election of remedies provision, N.J. Stat. Ann. § 10:5-27, because Plaintiff elected to pursue his claim through the New Jersey Division on Civil Rights.  This argument might be persuasive on a motion for summary judgment, but it relies on facts outside the Complaint and cannot succeed on a motion to dismiss.  To state a valid claim, the claim for relief need only be "plausible *on its face*." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (italics added).  As to Plaintiff's LAD claims, the motion to dismiss will be denied.

For these reasons,

**IT IS** on this 11th day of August, 2009,

**ORDERED** that Defendant's motion to dismiss (Docket Entry No. 15) for failure to state a valid claim for relief, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Plaintiff's claims in the Complaint under Title VII of the Civil Rights Act of 1964, the motion to dismiss is **GRANTED**, and these claims are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the remaining claims in the Complaint, the motion to dismiss is

**DENIED.**

        /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge