<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSTAFA BOSTANCI, :<br><br>       Plaintiff, :<br>v. :<br> :<br>NEW JERSEY CITY UNIVERSITY, :<br> :<br>       Defendant. : | Civil Action No. 08-04339 (SRC)(MAS)<br><br><u>OPINION & ORDER</u> |

**Magistrate Judge, MICHAEL A. SHIPP**

This matter comes before the Court upon Plaintiff Mustafa Bostanci's ("Plaintiff") Motion for Sanctions pursuant to Federal Rules of Civil Procedures 11(c) ("Rule 11(c)"). (Docket Entry Number ("Doc. No.") 31 ("Pl.'s Moving Br.").) Defendant New Jersey City University ("Defendant" or "University") opposes the motion. (Doc. No. 33 ("Def.'s Opp'n Br.").)

On April 15, 2010, Defendant filed a motion to Extend Time to Answer, Move or Otherwise Reply to Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (Def.'s Opp'n Br. 1). Plaintiff opposed the application and filed a motion for sanctions against the Defendant pursuant to Rule 11(c).[1] (Pl.'s Mov. Br. 1-2.)

Under Rule 11(c), sanctions are appropriate when "the court determines that Rule 11(b) has been violated". Fed. R. Civ. P. 11(c)(1). Pursuant to Federal Rule of Civil Procedure 11(b)

---

[1] The Plaintiff also asserts that Defendant's motion was untimely pursuant to Federal Rule of Civil Procedure 7.1 ("Rule 7.1"). (Pl.'s Mov. Br. 2.) However, Rule 7.1 refers to a nongovernmental corporate entity's obligation to file a disclosure statement. Fed. R. Civ. P. 7.1. Thus, this Court finds that Rule 7.1 is inapplicable.

("Rule 11(b)"), prior to filing any pleading, motion or other document, an attorney must certify the following:

> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff takes the position that Rule 11(c) sanctions are warranted, because Defendant's motion for an extension to answer, move or otherwise respond to the Complaint was improperly filed. According to Plaintiff, the Defendant intentionally filed the motion to cause "unnecessary delay and needlessly increase the cost of the litigation." (Pl.'s Mov. Br. 2.) The Plaintiff supports this claim by stating that the motion was filed to prevent the Court from issuing an order for a scheduling conference and to otherwise delay the proceedings. (*Id.* at 2-3, 5.) Plaintiff further argues that Defendant's motion, if granted, "prejudices the plaintiff, [and] delays the progress of [the] case." (*Id.* at 5.) Finally, Plaintiff contends that sanctions are appropriate, because "it will deter similar conduct in the future, [and] allow the court [to] manage the case expeditiously." (*Id.* at 6.)

Significantly, on June 21, 2010, this Court found good cause to grant Defendant's motion, instructing Defendant to file an Answer, move or otherwise respond to the Complaint by June 29, 2010. (Doc. No. 47.) Defendant properly filed a motion to dismiss on June 25, 2010, which is currently pending before this Court. (Doc. No. 48.) In granting Defendant's motion,

this Court found good cause and, as such, rejects Plaintiff's assertion that the motion was filed to prejudice or harass the Plaintiff, to delay the proceedings or to otherwise keep the Court from exercising its judicial authority. Thus, this Court finds that Rule 11(b) was not violated by Defendant's actions or motion. Accordingly, Rule 11(c) sanctions are unwarranted and Plaintiff's motion is denied.

Based on the foregoing, and for good cause shown, IT IS on this 8th day of September, 2010, ORDERED that Plaintiff's Motion for Sanctions is DENIED.

*/s/ Michael A. Shipp*
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**