PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendant
  New Jersey City University

By:  Ryan C. Atkinson
     Deputy Attorney General
     (609) 943-3112
     Ryan.Atkinson@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| MUSTAFA BOSTANCI,       ) | CIVIL ACTION NO: |
|          ) | 08-4339 (SRC-MAS) |
|     Plaintiff,   ) | |
|          ) | **CERTIFICATION OF DAG** |
|    v.       ) | **RYAN C. ATKINSON** |
|          ) | |
| NEW JERSEY CITY UNIVERSITY,) | |
|          ) | |
|     Defendant.   ) | |

Ryan C. Atkinson, of full age, hereby certifies and says:

1.   I am a Deputy Attorney General of the State of New Jersey in the Employment Litigation Section of the Division of Law, Department of Law and Public Safety.

2.   I have been assigned to handle the above-captioned matter in representation of defendant New Jersey City University.

3.   The following documents are referred to in support of the within motion and are true and accurate copies:

     **Exhibit 1**    -    Plaintiff's complaint;

     **Exhibit 2**    -    Order and Opinion of Hon. Stanley R.

Chesler, U.S.D.J.;

**Exhibit 3**     -     Affidavit of Aaron Aska, Vice President for Administration and Finance at New Jersey City University;

**Exhibit 4**     -     June 21, 2010 Order of Hon. Michael A. Shipp, U.S.M.J.;

**Exhibit 5**     -     Plaintiff's complaint filed May 23, 2007 with New Jersey Division on Civil Rights;

**Exhibit 6**     -     March 11, 2008 determination letter from New Jersey Division on Civil Rights;

**Exhibit 7**     -     Superior Court of New Jersey - Appellate Division decision dated April 13, 2009.

s/Ryan C. Atkinson
Ryan C. Atkinson
Deputy Attorney General

Dated: 10-14-2010

# EXHIBIT 1

Mike Bostanci
2801 Pheasant Hollow Drive
Plainsboro NJ 08536
Phone: (609) 275-4613
County: Middlesex

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 AUG 29  A 9: 27

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MUSTAFA BOSTANCI         )
                   PLAINTIFF, )
                          )      CIVIL ACTION NO.:  08~4339 (src)
         vs.              )      CIVIL ACTION
                          )
NEW JERSEY CITY UNIVERSITY )      COMPLAINT AND JURY DEMAND
                          )
              DEFENDANT    )

1. The Plaintiff resides at:

   2801 PHEASANT HOLLOW DRIVE
   PLAINSBORO NJ 08536
   County: MIDDLESEX

2. To the best of Plaintiff's knowledge and belief, the Defendant is known as:

   NEW JERSEY CITY UNIVERSITY    and is located at:

   2039 KENNEDY BOULEVARD
   JERSEY CITY NJ 07305
   County: HUDSON

3. CHARGE OF DISCRIMINATION:

   The above named defendant is hereby charged with unlawful
   discrimination in violation of the named statutes with respect to the
   following charges:

   3.1 Discharge because of Age/42 in violation of NJ Law Against
       Discrimination (NJSA 10:5-12a)

3.2  Discharge because of Age/42 in violation of Age Discrimination in Employment Act of 1967

3.3  Harassment because of Age/42 in violation of NJ Law Against Discrimination (NJSA 10:5-12a)

3.4  Harassment because of Age/42 in violation of Age Discrimination in Employment Act of 1967

3.5  Discharge because of Reprisal/reprisal in violation of NJ Law Against Discrimination (NJSA 10:5-12d)

3.6  Discharge because of Reprisal/reprisal in violation of Title VII of the Civil Rights Act of 1964

3.7  Retaliation because of Reprisal/reprisal in violation of NJ Law Against Discrimination (NJSA 10:5-12d)

3.8  Retaliation because of Reprisal/reprisal in violation of Title VII of the Civil Rights Act of 1964

4.  PERSONAL HARM:

4.1  Plaintiff was harassed, suspended and discharged.

4.2  THE CHARGE IS BASED ON THE FOLLOWING:

4.3  Plaintiff belongs to a protected class, in that he is 42 years old.

4.4  Defendant hired Plaintiff as a Professional Services Specialist in July 2001.

4.5  Plaintiff performed to a level that met Defendant's legitimate expectations.

4.6  Plaintiff alleges that from December 2006 through April 2007, he was harassed by defendant's supervisor, Ritu Shastri, in that, she told him that he is too old and asked him to leave the New Jersey City University and look for another job. Supervisory employees told a union representative that Plaintiff is too old and too slow.

4.7  Plaintiff engaged in an activity protected by the Law Against Discrimination. Specifically, on March 30, 2007, he complained in writing to Defendant's human resources director, Robert Piaskowsky, that Ritu Shastri was subjecting him to acts of discrimination,

harassment and hostile work environment with malice and reckless indifference to his civil liberties.

4.8 Very shortly thereafter, Plaintiff was subject to adverse employment action. Specifically, after 5 business days, on April 9, 2007, Robert Piaskowsky issued Plaintiff a preliminary notice of disciplinary action without an advance notice. Plaintiff initiated a federal discrimination and retaliation charges on May 2, 2007 and Robert Piaskowsky discharged him on May 8, 2007 after he was informed of federal charges.

4.9 Robert Piaskowksy continued to subject the Plaintiff to adverse actions and terminated Plaintiff's health insurance benefits and further defamed him when others inquired about him.

5. **DEFENDANT'S REASON FOR ADVERSE ACTION:**

5.1 Robert Piaskowsky did not respond to Plaintiff's discrimination complaints on March 30, 2007 but produced a counter written response in which he alleged insubordination, failure to carry out an order and conduct unbecoming state employee against Plaintiff arbitrarily just five days after Plaintiff's official discrimination complaints at New Jersey City University.

6. **DISCRIMINATION STATEMENT:**

6.1 Plaintiff alleges he was discriminated against because of his age and as a reprisal for complaining about acts forbidden under Law Against Discrimination on March 30, 2007 and May 2, 2007, and not for the reason asserted by Defendant (Paragraph 5.). Specifically, Plaintiff denied committing the acts of which he was accused.

7. Said acts of discrimination occurred in the County of HUDSON in the State of New Jersey.

8. The plaintiff requests whatever relief is provided by law including, but not limited to compensatory damages for breach of 4 year state employee contract, defamations, loss of accrued benefits for past 6 years and future service, economic loss, depression, humiliation, mental pain and suffering.

_M. BOSTANY_
**MUSTAFA BOSTANCI**
Plaintiff

MUSTAFA BOSTANCI, of full age, being duly sworn according to law deposes and says; that he is the Plaintiff herein; that he has read the foregoing Complaint and knows the content thereof; that to the best of his knowledge, information and belief, the facts alleged therein are true.

_M. BOSTANCI_
**MUSTAFA BOSTANCI**
Plaintiff

AO 440 (Rev. 04/08)  Civil Summons

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | | |
|---|---|---|
| MUSTAFA BOSTANCI | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| NEW JERSEY CITY UNIVERSITY | ) | |
| Defendant | ) | |

## Summons in a Civil Action

To: *(Defendant's name and address)*

2039 KENNEDY BOULEVARD
JERSEY CITY NJ 07305
County: HUDSON

A lawsuit has been filed against you.

Within ___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

MIKE BOSTANCI
2801 PHEASANT HOLLOW DRIVE
PLAINSBORO NJ 08536
County: MIDDLESEX

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____    _____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____
by:

(1) personally delivering a copy of each to the individual at this place, _____ ; or

_____

(2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
who resides there and is of suitable age and discretion; or

(3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____ ; or

(4) returning the summons unexecuted to the court clerk on _____ ; or

(5) other (specify) _____

_____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Case 2:08-cv-04339-SRC-MAS   Document 1-2   Filed 08/29/08   Page 1 of 2

08- 4339 (Shc)

**JS 44** (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MUSTAFA BOSTANCI

## DEFENDANTS

NEW JERSEY CITY UNIVERSITY

(b) County of Residence of First Listed Plaintiff  **MIDDLESEX**

County of Residence of First Listed Defendant  **HUDSON**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Mike Bostanci
2801 Pheasant Hollow Drive
Plainsboro NJ 08536
Phone: 609 275 4613   Email: bostancm@yahoo.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, 29 U.S.C. 626(e)

Brief description of cause:  Retaliation,  Age discrimination and harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE

08/28/2008

SIGNATURE OF ATTORNEY OF RECORD

M. BOSTANCI

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

Date and Attorney Signature. Date and sign the civil cover sheet.

# EXHIBIT 2

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MUSTAFA BOSTANCI, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  08-4339 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| NEW JERSEY CITY UNIVERSITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, U.S.D.J.**</u>

 This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant New Jersey City University ("NJCU"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

 Very briefly, this case arises from an employment dispute.  The Complaint alleges that Plaintiff had been employed by NJCU, and that NJCU harassed, retaliated, and discharged him on account of his age.  On August 29, 2008, Plaintiff filed the Complaint in this action, asserting eight counts of discharge, retaliation, and harassment in violation of the New Jersey Law Against Discrimination ("LAD"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").  Defendant now moves to dismiss all claims in the Complaint, making three arguments.

## Sovereign immunity

Defendants contend that the Plaintiff's ADEA claim is barred by Eleventh Amendment immunity, since NJCU is a state entity. As Defendants contend, the Supreme Court has held that the ADEA does not abrogate states' sovereign immunity. Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000). Yet the protection of sovereign immunity does not extend to political subdivisions of states. Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006). When inquiring as to whether an entity should be considered an arm of the state for Eleventh Amendment purposes, the Third Circuit has long applied a three-part test:

> More than thirty-five years ago the Third Circuit identified nine factors to be considered when determining whether an entity is an arm or alter ego of the state for Eleventh Amendment purposes. The numerous factors articulated in Urbano were subsequently condensed into three major criteria: (1) whether the payment of the judgment would come from the state, (2) what status the entity has under state law, and (3) what degree of autonomy the entity has.

Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006) (citation omitted). "The party asserting immunity bears the burden of production and persuasion." Id. Here, Defendant has not briefed the question of whether NJCU should be considered an arm of the state for Eleventh Amendment purposes, and thus has not met the burden of persuading this Court that NJCU is protected by sovereign immunity. As to the sovereign immunity argument, the motion to dismiss will be denied.

## Title VII

Defendant argues that Plaintiff's claims under Title VII should be dismissed because Title VII provides no cause of action for discrimination on the basis of age. This is correct. Title VII protects against employment discrimination only on the basis of "race, color, religion, sex, or

2

national origin." 42 U.S.C. § 2000e-2(a)(1).  As to Plaintiff's Title VII claims, the motion to dismiss will be granted.

**LAD claims**

Defendants contend that Plaintiff's claims under New Jersey's Law Against Discrimination ("LAD") are barred under that statute's election of remedies provision, N.J. Stat. Ann. § 10:5-27, because Plaintiff elected to pursue his claim through the New Jersey Division on Civil Rights.  This argument might be persuasive on a motion for summary judgment, but it relies on facts outside the Complaint and cannot succeed on a motion to dismiss.  To state a valid claim, the claim for relief need only be "plausible *on its face*."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (italics added).  As to Plaintiff's LAD claims, the motion to dismiss will be denied.

For these reasons,

**IT IS** on this 11th day of August, 2009,

**ORDERED** that Defendant's motion to dismiss (Docket Entry No. 15) for failure to state a valid claim for relief, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Plaintiff's claims in the Complaint under Title VII of the Civil Rights Act of 1964, the motion to dismiss is **GRANTED**, and these claims are hereby **DISMISSED** with prejudice; and it is further

3

**ORDERED** that, as to the remaining claims in the Complaint, the motion to dismiss is

**DENIED.**

/s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

4

# EXHIBIT 3

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendant
  New Jersey City University

By:   Ryan C. Atkinson (RCA)
      Deputy Attorney General
      (609) 943-3112

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| MUSTAFA BOSTANCI, | CIVIL ACTION NO: |
| Plaintiff, | 08-4339 (SRC-MAS) |
| v. | **AFFIDAVIT OF AARON ASKA** |
| NEW JERSEY CITY UNIVERSITY, | |
| Defendant. | |

Aaron Aska, of full age being duly sworn according to law, hereby does depose and state:

1.   I am the Vice President for Administration and Finance, at the New Jersey City University. As such, I am fully familiar with the facts recited herein.

<u>Status of NJCU under New Jersey State Law</u>

2.   New Jersey City University is a public institution of higher education of the State of New Jersey, organized exclusively for educational purposes, established and named pursuant to <u>N.J.S.A.</u> 18A:3B-1 <u>et</u> <u>seq</u>. and 18A: 64-1 <u>et</u> <u>seq</u>.

3.   New Jersey City University is a state agency allocated to the Department of State, an executive branch agency of the State of New Jersey, pursuant to N.J.S.A. 18A:3B-27, and has not been granted the authority to "sue and be sued" under state statute nor has it been separately incorporated under state law. University hearings in controversies and disputes involving higher education are governed by the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., and final administrative decisions are appealed directly to the Superior Court of New Jersey Appellate Division. N.J.S.A. 18A:3B-6(f).

4.   New Jersey City University is governed by a Board of Trustees, whose members are Special State Officers of the State of New Jersey, appointed by the Governor with the advice and consent of the New Jersey State Senate. Any member of the Board of Trustees may be removed by the Governor for cause upon notice and opportunity to be heard. N.J.S.A. 18A:64-2, & -3.

5.   The Board of Trustees of New Jersey City University has been vested with the government, control, conduct, management and administration of the University. N.J.S.A. 18A:64-2. The Board of Trustees is granted the statutory authority to determine policies; prepare and present an annual budget to the Governor; disburse moneys appropriated by the Legislature, and all moneys received from tuition, fees, and other sources; direct and control expenditures in accordance with the State budget and appropriations

of the Legislature, and in accordance with the terms of any applicable trusts or gifts, with all NJCU accounts being subject to audit by the State at any time; appoint and promote employees; grant diplomas and degrees; enter into contracts pursuant to the State College Contracts Law; take and condemn land; establish fees and tuition rates; accept grants and donations; own, acquire and dispose of real and personal property and any interest therein; borrow money which shall not be deemed to constitute a debt, liability or pledge of credit or funds, other than moneys appropriated purpose, of the State of New Jersey. N.J.S.A. 18A:64-6(a)-(v). The Board of Trustees controls the buildings and grounds owned and used by the State for the college. N.J.S.A. 18A:64-19. Additional powers are granted to the Board of Trustees or may reasonably be implied. See, N.J.S.A. 18A:64-7 & N.J.S.A. 18A:3B-6.

6. The Governor of the State of New Jersey functions as the public employer on behalf of New Jersey City University and its sister state colleges, under the New Jersey Employer-Employee Relations Act. N.J.S.A. 64-21.1. Employees of the University, other than faculty, and professional members of the academic, administrative and teaching staffs, retain all the rights and privileges of classified employees pursuant to Title 11A, Civil Service. N.J.S.A. 18A:64-6(I) & N.J.S.A. 18A:64-21.2.

Faculty of the University are afforded tenure under the State and County College Tenure Act, N.J.S.A. 18A:60-6. The

-3-

employment contracts of members of the University's professional staff not holding faculty rank are regulated by state statute. <u>N.J.S.A.</u> 18A:60-14.

Tax Exemptions

7.   New Jersey City University is exempt from real property taxes and sales and use taxes to the same extent as any other agency of the State of New Jersey, <u>N.J.S.A.</u> 54:4-3.3 & <u>N.J.S.A.</u> 54:32B-1(I)(1)(C).

8.   New Jersey City University is exempt from federal income tax pursuant to §115 of the Internal Revenue Code.

Funding

9.   New Jersey City University's budget and operational costs are supported primarily from appropriations provided by the State Legislature and from tuition and fees set by the Board of Trustees of the University. Tuition and fees, and State and Federal funds accepted by the University are required to be used in support of the University's higher education programs in furtherance of the State legislative mandate to achieve Statewide goals of affordability and accessibility for all students, institutional excellence, and effectiveness in addressing the societal and economic needs of the State. <u>N.J.S.A.</u> 18A:3B-2.

10.  Revenues collected by the University from student housing and food services, student union buildings, parking facilities, and any other facilities financed by student fees, not

-4-

pledged to repayment of bonds issued by the N.J. Educational Facilities Authority, are required by statute to be retained in a separate account and dedicated to the "cost of operation, maintenance and rental of such facilities in subsequent years." N.J.S.A. 18A:64-18.

11.   All accounts of the University are subject to audit by the State of New Jersey at anytime.  N.J.S.A. 18A:64-6f.

12.   In the fiscal year 2010, New Jersey City University is budgeted to receive 36% of its general revenue from the State of New Jersey through State appropriation. Per the FY 2010 budget approved by the Board of Trustees on September 14, 2009, the general revenues of the University were $134,892,835.  Of that amount the University budgeted $49,177,000 in base State appropriation and fringe benefits.

13.   New Jersey City University has set aside no funds to meet its liabilities for damages or claims, such as those asserted by plaintiff in the instant action.

14.   Any judgment rendered against New Jersey City University would be paid either from New Jersey City University's State appropriation or directly by the State Treasury through the State Tort Claims Fund, depending upon the exact nature of the judgment.

Aaron Aska

-5-

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MUSTAFA BOSTANCI, | : | Civil Action No. 08-4339 (SRC)(MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **AMENDED SCHEDULING ORDER** |
| | : | |
| NEW JERSEY CITY UNIVERSITY, | : | |
| Defendant. | : | |
| | : | |

**THIS MATTER** having come before the Court for a Status Conference on June 15, 2010; and for good cause shown,

**IT IS** on this 21ˢᵗ day of June, 2010,

**ORDERED THAT:**

1. Defendant's Motion for an Extension of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint is granted. Defendant shall file an Answer, move or otherwise respond by **June 29, 2010.**

2. If Defendant files a motion in lieu of an Answer, Plaintiff shall file his opposition to the motion by **July 13, 2010.** Defendant shall reply to the opposition by **July 20, 2010.**

3. The Court shall conduct a settlement conference on **September 2, 2010 at 1:00 PM. Trial counsel and clients with full settlement authority are required to attend the settlement conference in person**. By **August 26, 2010**, each party shall submit an ex parte, confidential settlement position letter, not to exceed five (5) pages, which may be faxed to (973) 645-4412. The letter shall set forth the status of the case and each party's confidential settlement position, including offers and demands.

                           s/Michael A. Shipp
                           **MICHAEL A. SHIPP**
                           **UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 5

STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
DOCKET NUMBER: EJ06WG-53199
FEDERAL CHARGE#: 17E-2007-00500

MUSTAFA BOSTANCI,
COMPLAINANT,

-vs-

NJ CITY UNIVERSITY,
RESPONDENT.

)
)
)
) Verified Complaint
) Received and Recorded
) Date: 05/23/07
) Department of Law and Public Safety
) Division on Civil Rights
) By Aida Rawlins
)
)
)

1. The Complainant resides at:

2801 PHEASANT HOLLOW DRIVE
PLAINSBORO NJ 08536
County: MIDDLESEX

2. To the best of Complainant's knowledge and belief, the Respondent is known as:

NJ CITY UNIVERSITY

and is located at:

2039 KENNEDY BOULEVARD
JERSEY CITY NJ 07305
County: HUDSON

3.  Charge of Discrimination:
    The above named respondent is hereby charged with unlawful discrimination in violation of the named statutes with respect to the following charges:

3.1 Discharge because of Age/42 in violation of NJ Law Against Discrimination(NJSA 10:5-12a)

3.2 Discharge because of Age/42 in violation of Age Discrimination in Employment Act of 1967

3.3 Harassment because of Age/42 in violation of NJ Law Against Discrimination(NJSA 10:5-12a)

3.4 Harassment because of Age/42 in violation of Age Discrimination in Employment Act of 1967

3.5 Discharge because of Reprisal/reprisal in violation of NJ Law Against Discrimination(NJSA 10:5-12d)

3.6 Discharge because of Reprisal/reprisal in violation of Title VII of the Civil Rights Act of 1964

3.7 Retaliation because of Reprisal/reprisal in violation of NJ Law Against Discrimination(NJSA 10:5-12d)

3.8 Retaliation because of Reprisal/reprisal in violation of Title VII of the Civil Rights Act of 1964

## 4. PERSONAL HARM:

4.1 Complainant was harassed, suspended and discharged.

4.2 THE CHARGE IS BASED ON THE FOLLOWING:

4.3 Complainant belongs to a protected class, in that, he is 42 years old.

4.4 Respondent hired Complainant as a professional services specialist in July 2001.

4.5 Complainant performed to a level that met Respondent's legitimate expectations

4.6 Complainant alleges that from December 2006 through April 2007, he was harassed by Respondent's supervisor, Ritu Shastri, in that, she told him and other Union representatives that he is too old.

4.7 Complainant engaged in an activity protected by the Law Against Discrimination. Specifically, on March 30, 2007, he complained to Respondent's human resources director, Robert Piaskowsky, that Ms. Shastri was subjecting him to acts of discrimination.

4.8 Thereafter, Complainant was subject to adverse employment actions. Specifically, on April 9, 2007, Robert Piaskowsky issued Complainant a preliminary notice of disciplinary action and discharged him on May 8, 2007.

## 5. RESPONDENT'S REASON FOR ADVERSE ACTION:

5.1 Respondent's human resources director, Robert Piaskowsky, suspended Complainant and discharged him due to insubordination, failure to carry out an order and conduct unbecoming a state employee.

## 6. DISCRIMINATION STATEMENT:

6.1 Complainant alleges he was discriminated against because of his age and as a reprisal for complaining about acts forbidden under the Law Against Discrimination, and not for the reason asserted by Respondent (paragraph 5.) Specifically, Complainant denied committing the acts of which he was accused.

7.   Said acts of discrimination occurred in the County of HUDSON in the State of New Jersey.

8.   The Complainant requests whatever relief is provided by law including, but not limited to, compensatory damages for economic loss, humiliation, mental pain and suffering.

9.   The Complainant has not instituted action in any court, either criminal or civil, regarding this matter.

_M . BOSTANCI_

MUSTAFA BOSTANCI
COMPLAINANT


STATE OF NEW JERSEY    )
                                            ) SS:
COUNTY OF   ESSEX      )


MUSTAFA BOSTANCI, of full age, being duly sworn according to law deposes and says; that he is the Complainant herein; that he has read the foregoing Complaint and knows the content thereof; that to the best of his knowledge, information and belief, the facts alleged therein are true.

_M - BOSTANCI_

MUSTAFA BOSTANCI
COMPLAINANT


Sworn to and subscribed before me
this 23 day of  May       2007

NOTARY PUBLIC OF NEW JERSEY


AIDA G. RAWLINS,
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 13, 2009

# EXHIBIT 6

**STATE OF NEW JERSEY**

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
TRENTON, NJ 08625-0089

JON S. CORZINE
*GOVERNOR*

ANNE MILGRAM
*ATTORNEY GENERAL*

J. FRANK VESPA-PAPALEO, ESQ.
*DIRECTOR*

MAR 1 1 2008

Mustafa Bostanci
2801 Pleasant Hollow Drive
Plainsboro, NJ 08536

Re: **Mustafa Bostanci vs. New Jersey City University**
**Docket Number: EJ06WG-53199-E**

Dear Mr. Bostanci:

Your case has been reviewed with the investigator assigned.  See the enclosed Findings of the Investigation.

On the basis of these findings, the recommendation of the investigator that the case be closed with a finding of No Probable Cause has been approved. Enclosed herewith is the Final Order of the Director.

If you disagree with these findings and wish to appeal them, you are required to file said appeal with the Superior Court of New Jersey, Appellate Division within forty-five (45) days.

Please take notice that pursuant to this State's File Retention Schedule, it is the intention of the Division to destroy the above referenced file three (3) years after the date of closing or three (3) years after any other final court action, whichever is later.

If your complaint was also filed with the U.S. Equal Employment Opportunity Commission (EEOC), we wish to advise you  that Complainants who

ADDRESS REPLY TO:

❏ Bureau of Policy
P.O. Box 089
Trenton, NJ 08625-0089
609-984-7091

❏ Bureau of Prevention &
Community Relations
P.O. Box 089
Trenton, NJ 08625-0089
609-292-2918

❏ Bureau of Enforcement
Trenton Office
PO Box 090
Trenton, NJ 08625-0090
609-292-4605

❏ Atlantic City Office
26 S. Pennsylvania Ave. 3rd Fl.
Atlantic City, NJ 08401
609-441-3100

❏ Camden Office
One Port Center
2 Riverside Drive
Suite 402
Camden, NJ 08103
856-614-2550

☑ Newark Office
P.O. Box 46001
Newark, NJ 07102
973-648-2700

❏ Paterson Office
100 Hamilton Plaza, 8ᵗʰ Fl.
Paterson, NJ 07505-2109
973-977-4500



**CIVIL⚖️RIGHTS**

-2-

file appeals in the State Courts as mentioned above and lose may not be permitted to file a Title VII Suit thereafter in Federal Court concerning the same claim of unlawful discrimination, <u>Kremer vs. Chemical Construction Corp.</u>, 72 L. Ed. 2d 262 (1982).

Also, if your charge was filed with EEOC under Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act, you have the right to request that EEOC review this decision.  To secure a review, you must submit a request, in writing, within fifteen (15) days of your receipt of this letter to Mr. Charles Brown, State and Local Coordinator, Equal Employment Opportunity Commission, 21 South Fifth St. Suite 400, Philadelphia, PA 19106-2515.

If we can be of assistance in the future, please let us know.

Very truly yours,

Atley R. Tyler
Regional Manager

ART:BS:SJ
Enclosure

# EXHIBIT 7

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-4016-07T1

MUSTAFA BOSTANCI,

     Appellant,

     v.

NEW JERSEY CITY UNIVERSITY,

     Respondent.

_____

Submitted March 16, 2009  -  Decided  April 13, 2009

Before Judges Sabatino and Simonelli.

On appeal from the Division on Civil Rights,
Docket No. EJ06WB-53199.

Mustafa Bostanci, appellant pro se.

Anne Milgram, Attorney General, attorney for
respondent (Andrea M. Silkowitz, Assistant
Attorney General, of counsel; Leland S.
McGee, Deputy Attorney General, on the
brief).

PER CURIAM

    Mustafa Bostanci, pro se, appeals a final agency decision
of the Division on Civil Rights ("the Division") issued on March
10, 2008, following its investigation of claims by Bostanci that
he had been discriminated against by his former employer, New
Jersey City University ("the University") because of his age.

In its final decision, the Division concluded that no probable cause existed to establish that the University or its officials had engaged in age-based discriminatory or retaliatory conduct concerning Bostanci that violated Sections 12(a) or 12(d) of the Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12(a) and (d).

We summarize the circumstances as follows. Bostanci was born on October 31, 1965, and is presently age forty-three. The University hired him in July 2001, as a computer specialist. Over the course of time, Bostanci's immediate supervisor, Ritu Shastri, perceived several problems with his work and his interactions with customers and fellow workers. Consequently, Bostanci received unsatisfactory performance evaluations from 2002 through 2006. He was disciplined on several occasions, including suspensions in March 2006 and September 2006.

Bostanci contends that on three occasions between December 2006 and March 2007, Shastri told him that he was "too old." However, the Division's investigators were unable to substantiate those alleged improper remarks, and Bostanci did not identify any witnesses who heard them. Fellow workers did advise the Division, however, that Bostanci had disagreements with management and that he tended to speak loudly when those disagreements occurred.

2

A-4016-07T1

Bostanci further contends that Shastri circulated an e-mail within the office on March 28, 2007, which criticized his handling of an informational query. Bostanci complained about the e-mail to another supervisor, Phyllis Szani. Szani convened a meeting in her office to discuss the matter with Bostanci, Shastri and a fourth employee. According to the findings of the Division investigators, Bostanci continued to be upset, and he declined to leave Szani's office until after Szani called campus security for assistance. Two days later, Bostanci transmitted an e-mail contending that Shastri had been sending out false e-mails about him and had created a "hostile and offensive atmosphere." His message did not, however, accuse Shastri of age-based discrimination.

The University suspended Bostanci for his conduct in Szani's office. The suspension prompted him to complain to the University's director of affirmative action. However, Bostanci's internal complaint did not allege age discrimination and, in fact, alluded to Shastri having "personal problems" with him. Following a disciplinary hearing, the University dismissed Bostanci on May 8, 2007.

After his discharge, Bostanci lodged a complaint of age discrimination with the Division. The Division then undertook an investigation, which included the review of the pertinent e-

A-4016-07T1

mails and workplace records and interviews with various individuals. The interviews included three fellow workers identified by Bostanci as similarly situated, all of whom were older than him. The fellow employees did not state to the Division that they had observed Shastri engage in age discrimination, although one of them noted the friction between Shastri and Bostanci. The investigators also interviewed Bostanci's two former union representatives, who both denied knowledge of any age-based mistreatment but acknowledged the history of clashes between Bostanci and University management.

Based upon its review, the Division concluded that "[t]he investigation did not support [Bostanci's] claim that he was discriminated against because of age and [the victim of] reprisal." The Division accordingly closed its file for lack of probable cause.

Bostanci now appeals. He argues in his brief that:

> [THE] ERRONEOUS EXCLUSION OF EVIDENCE AND TESTIMONIES CAUSED DISMISSAL OF CHARGES WRONGFULLY. EVIDENCE AND WITNESS TESTIMONIES WERE RELEVANT AND NECESSARY TO A FAIR DETERMINATION OF THE ISSUES. EVIDENCE AND TESTIMONIES MAY NOT CONSTITUTIONALLY BE EXCLUDED.

Having considered these arguments in light of the administrative record and the applicable law, we affirm the Division's findings, substantially for the reasons espoused in

4

A-4016-07T1

its final agency decision.  We do so, mindful of our limited role in reviewing final determinations of state administrative agencies.  As the Supreme Court has noted, "[a]n administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  In re Herrmann, 192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

As the Court further observed in Herrmann, "[t]hree channels of inquiry inform the appellate review function."  Id. at 28.  These are:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Ibid. (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"When an agency's decision meets [these] criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." Ibid.

Viewing the record in light of these well-settled standards, the Division's final decision must be sustained.  The

5

A-4016-07T1

Legislature created the Division by statute to administer and enforce the State's civil rights laws.   See N.J.S.A. 10:5-6. The Division has recognized expertise in investigating and determining the presence or absence of violations of the LAD. See, e.g., Hermann v. Fairleigh Dickinson Univ., 183 N.J. Super. 500, 503-05 (App. Div. 1982); Sprague v. Glassboro State College, 161 N.J. Super. 218, 225 (App. Div. 1978).   The agency's delegated functions include determining if there is probable cause "strong enough to warrant a cautious person in the belief that the LAD has been violated."   N.J.A.C. 13:4-10.2(b).

By filing his complaint with the Division rather than with the Superior Court, Bostanci elected the forum in which his claims would be examined, taking advantage of the more expeditious administrative process.   Hermann, supra, 183 N.J. Super. at 504.

Despite Bostanci's criticisms about the Division's investigation, we are not persuaded that the Division undertook its review here in an unfair or unreasonable manner.   Nor has it been shown that the Division's finding of "no probable cause" is contrary to the administrative record, particularly given the lack of corroboration of Bostanci's claims of mistreatment because of his age.   The record instead supports the Division's

6

A-4016-07T1

conclusion that the University disciplined Bostanci for reasons having nothing to do with his age.

Although Bostanci presents in his brief on appeal various pejorative accusations about the University's human resource director and other matters that are not specifically discussed in the Division's final decision, we are unpersuaded that the Division's investigation, on the whole, was arbitrary or capricious.   Bostanci's claims of unconstitutionality and his other remaining arguments lack sufficient merit to require discussion.  R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office

CLERK OF THE APPELLATE DIVISION

A-4016-07T1