**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSTAFA BOSTANCI, | Civil Action No. 08-4339 (SRC)(MAS) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NEW JERSEY CITY UNIVERSITY, | |
| Defendant. | |

**SHIPP, Michael A., United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff Mustafa Bostanci's ("Plaintiff") motion to disqualify Defendant New Jersey City University's ("Defendant" or "NJCU") counsel.[1] (Docket Entry Number ("Doc. No") 97 ("Pl.'s Moving Br.").) Defendant opposes this motion. (Doc. No. 99 ("Def.'s Opp'n Br.").)

Plaintiff argues that Defendant's counsel, Ryan Atkinson, Esq., by and through the Attorney General's Office ("AG's Office"), should be disqualified for two violations of Rule of Professional Conduct ("RPC") 1.7.[2] Specifically, Plaintiff makes the following two arguments: (1) as a former employee of NJCU, Plaintiff is entitled to representation by the AG's Office and, as such, there is a conflict because the AG's Office is in a position where it should be

---

[1] Mr. Bostanci, a *pro se* Plaintiff, entitled his motion: "Motion to Recuse Attorney General's Counsel." However, as such an application is more properly referred to as a "motion to disqualify," the Court shall refer to it as such throughout the remainder of this Opinion and Order.

[2] RPC 1.7 is a professional ethics cannon that governs the conduct of every member of the bar who is admitted to practice in New Jersey. N.J. Local Civ. R. 103.1. RPC 1.7 states, in pertinent part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." The Rule goes on to explain that a concurrent conflict of interest exists when "the representation of one client will be directly adverse to another client."

representing both parties to this lawsuit; and (2) to Plaintiff's knowledge and belief, Ryan Atkinson, Esq. will soon be sued for allegedly making "damaging" comments about NJCU Professor William Dusenberry during an in-person status conference, again creating a situation where the Attorney General's Office would be representing both parties to a litigation; further, "[b]ecause of plaintiff's involvement as a witness in issue between AG's counsel and Professor William Dusenberry, an actual bias against the plaintiff is reasonably likely to occur." Defendant, on the other hand, asserts that Plaintiff is not entitled to representation by the AG's Office, as this lawsuit did not arise out of any action taken by Plaintiff during the course of his employment with NJCU and, thus, there is no conflict of interest.

The New Jersey Supreme Court, in *Prado v. State*, examined New Jersey Statute Section 59:10A-1, which governs when the AG's Office must represent an employee or former employee of the State.[3] 186 N.J. 413, 425-26 (2006). Notably, the *Prado* Court held that under the plain language of the statute, State employees or former employees are only entitled to representation when a lawsuit arises "on account of an act or omission in the scope of his employment." *Id*. The New Jersey Supreme Court further explained that the AG's Office may refuse representation when it finds that the lawsuit did not arise out of an act or omission within the scope of the employee or former employee's employment, or when representing a state employee or former state employee would cause a conflict of interest.

Plaintiff argues that reliance on *Prado* is misplaced, as this Court determined that NJCU is not a state entity but a corporation in its December 1, 2010 Opinion and Order, which addressed Defendant's summary judgment motion. (Doc. No. 103 ("Pl.'s Reply Br.").)

---

[3] While decisions of the New Jersey Supreme Court are not binding on this Court, relying on the *Prado v. State* decision is appropriate in this instance because this Court must examine New Jersey state law in order to determine when the New Jersey Attorney General's Office should represent state employees or former employees.

However, this is an inaccurate reading of the Opinion and Order, as the Court merely held that NJCU is not a state entity for the purposes of 11th Amendment immunity. (*See* Doc. No. 75 ("Dec. 1st Order").) The Court did not hold that NJCU is not a state entity for the purposes of other regulations.[4] (*Id.*) Therefore, as NJCU is a public university and New Jersey Statute Section 59:10A-1 entitles public entities to representation by the AG's Office, the Court finds that reliance on *Prado* is appropriate.

This lawsuit emanates from an employment dispute, in which Plaintiff argues that NJCU discriminated against him and violated his civil rights. None of these actions arise out of Plaintiff's scope of work as an employee, or now former employee, of NJCU. Moreover, these actions concern NJCU's dealings with Plaintiff, not Plaintiff's actions in carrying out his employment duties. Accordingly, the Court finds that, because the interactions leading to this lawsuit do not arise out of Plaintiff's scope of employment, Plaintiff is not entitled to representation by the AG's Office. As such, the AG's Office is not placed in a position where it is representing both parties to this lawsuit and there is no conflict or RPC 1.7 violation.

Additionally, the Court finds that Plaintiff's assertion that another conflict of interest will soon arise that may warrant disqualification of the AG's Office is premature and not relevant to this matter. The issue of whether NJCU Professor William Dusenberry's eventual filing of a

---

[4] Whether or not an institution is considered a state entity with regards to receiving 11th Amendment immunity does not impact whether an institution is considered a state entity concerning other regulations. For example, Rutgers University is not entitled to immunity under the 11th Amendment, however, it is considered a state entity with regards to the New Jersey Court Rules and the New Jersey Tort Claims Act, which is at issue in this matter. *See Kovats v. Rutgers, State University*, 822 F.2d 1303 (3d Cir. 1987) (finding that Rutgers University was not entitled to 11th Amendment immunity); *Fine v. Rutgers*, 163 N.J. 464 (2000) (holding that Rutgers was considered a state entity for the purposes of the New Jersey Court Rules and the New Jersey Tort Claims Act). Additionally, there is a long history of the Attorney General's Office representing State Universities. *See, e.g., Andes v. N.J. City Univ.*, No. 10-2097, 2011 U.S. App. LEXIS 6145 (3d Cir. March 24, 2011); *Mieliwocki v. Univ. of Med. & Dentistry of N.J.*, No. 03-780, 2006 U.S. Dist. LEXIS 45269 (D.N.J. July 5, 2006); *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819 (D.N.J. 2002); *Cedeno v. Montclair State Univ.*, 163 N.J. 473 (N.J. 2000).

lawsuit against Deputy Attorney General Ryan Atkinson, Esq. for allegedly making "damaging" comments during a status conference is not properly before this Court. Indeed, to this Court's knowledge, such a lawsuit has not been filed and, therefore, cannot be addressed. Even if such a lawsuit was filed, Plaintiff fails to provide legal support for his assertion that the lawsuit would warrant disqualification in this matter, even if Plaintiff acted as a witness in support of Professor William Dusenberry. As such, this Court finds that Plaintiff's arguments are premature, not relevant to this matter and need not be addressed at this time.

## ORDER

Based on the foregoing, and for other good cause shown,

IT IS on this **30th** day of **March**, 2011, **ORDERED** that Plaintiff's Motion to Disqualify is DENIED without prejudice.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**