<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MUSTAFA BOSTANCI, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  08-4339 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY CITY UNIVERSITY, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment, pursuant to

Federal Rule of Civil Procedure 56, by Defendant New Jersey City University ("NJCU").  For

the reasons that follow, the motion will be granted.

<u>BACKGROUND</u>

Very briefly, this case arises from an employment dispute.  The Complaint alleges that

Plaintiff had been employed by NJCU, and that NJCU harassed, retaliated, and discharged him

on account of his age.  On August 29, 2008, Plaintiff filed the Complaint in this action, asserting

eight counts of discharge, retaliation, and harassment in violation of the New Jersey Law Against

Discrimination ("NJLAD"), the Age Discrimination in Employment Act ("ADEA"), and Title

VII of the Civil Rights Act of 1964 ("Title VII").  On August 11, 2009, this Court dismissed the

claims under Title VII.  Defendant now moves for summary judgment on the remaining claims in

the Complaint.

## <u>ANALYSIS</u>

**I.      Relevant legal standard**

      A.      <u>Motions for summary judgment</u>

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004) (quoting <u>Anderson</u>, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  <u>In re Bressman</u>, 327 F.3d 229, 238 (3d Cir. 2003) (quoting <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex</u>, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.    Defendant's motion for summary judgment

Defendant moves for summary judgment on Plaintiff's claims under the NJLAD on two grounds: 1) this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine; and 2) any NJLAD claims are barred by Plaintiff's election of remedies under the statute.  The Court need not reach the Rooker-Feldman issue, since the second argument clearly succeeds: Plaintiff elected to pursue his age discrimination complaint through the New Jersey Division of Civil

3

Rights, which arrived at a final determination on March 11, 2008.  (Atkinson Dec. Ex. 6.)
Plaintiff filed his Complaint in this Court on August 29, 2008.  Under the NJLAD, "the final
determination therein shall exclude any other action, civil or criminal, based on the same
grievance."  N.J. Stat. Ann. § 10:5-27.  Plaintiff does not contend that the instant case is not
based on the same grievance, and his NJLAD claims are barred by N.J. Stat. Ann. § 10:5-27.  As
to the NJLAD claims, the motion for summary judgment will be granted.

Defendant moves for summary judgment on the ADEA claims on the ground that they are
barred by collateral estoppel/issue preclusion.  "[A] federal court . . . look[s] first to state
preclusion law in determining the preclusive effects of a state court judgment."  Marrese v.
American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985).  Under New Jersey law:

> The doctrine of collateral estoppel operates to foreclose relitigation of an issue
> when the party asserting the bar . . . show[s] that: (1) the issue to be precluded is
> identical to the issue decided in the prior proceeding; (2) the issue was actually
> litigated in the prior proceeding; (3) the court in the prior proceeding issued a final
> judgment on the merits; (4) the determination of the issue was essential to the
> prior judgment; and (5) the party against whom the doctrine is asserted was a
> party to or in privity with a party to the earlier proceeding.

Hennessey v. Winslow Twp., 183 N.J. 593, 599 (2005) (citations omitted).

Defendant contends that collateral estoppel precludes relitigation of issues of employment
discrimination based on age.  Plaintiff's main argument in opposition is that his claims were
never litigated in a state court.  This assertion is not supported by the record, as Defendant has
submitted a copy of the April 13, 2009 decision of the Appellate Division of the Superior Court
of New Jersey in the case of Bostanci v. New Jersey City University.  Moreover, this Court takes
judicial notice of the fact that this decision is available through LEXIS as Bostanci v. N.J. City
Univ., 2009 N.J. Super. Unpub. LEXIS 995 (N.J. Super. Ct. App. Div. Apr. 13, 2009).  In the

decision, the Appellate Court stated that Plaintiff was appealing the final agency decision of the New Jersey Division of Civil Rights ("DCR") issued on March 10, 2008, "following its investigation of claims by Bostanci that he had been discriminated against by his former employer, New Jersey City University . . . because of his age." Id. at *1.  The Appellate Division reviewed the agency's determination, pursuant to N.J. Stat. Ann. § 10:5-21 ("Any person aggrieved by a final order of the director may take an appeal therefrom to the Superior Court, Appellate Division as an appeal from a State administrative agency.")  Affirming the DCR decision, the Court held: "The record . . . supports the Division's conclusion that the University disciplined Bostanci for reasons having nothing to do with his age." Bostanci, 2009 N.J. Super. Unpub. at *7.

　　　Plaintiff also argues that "the DCR proceedings were investigatory, not adjudicative." (Pl.'s Opp. Br. 7.)  This is unpersuasive, because the nature of the DCR proceedings is clearly established by statute.  It is correct that, initially, the Division of Civil Rights, as the agent of the Attorney General, investigates the complaint.  N.J. Stat. Ann. § 10:5-14.  After the investigation, the director of the Division of Civil Rights makes findings which have the force of law.  This act is certainly adjudicative, and may perhaps best be described as quasi-judicial:

> If, upon all evidence at the hearing, the director shall find that the respondent has engaged in any unlawful employment practice or unlawful discrimination as defined in this act, the director shall state his findings of fact and conclusions of law and shall issue and cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful employment practice or unlawful discrimination and to take such affirmative action, including, but not limited to, hiring, . .  If, upon all evidence, the director shall find that the respondent has not engaged in any such unlawful practice or unlawful discrimination, the director shall state his findings of fact and conclusions of law and shall issue and cause to be served on the complainant an order dismissing the said complaint as to such respondent.

N.J. Stat. Ann. § 10:5-17.  The language of the statute clearly gives to the director of the Division of Civil Rights adjudicative powers: he or she makes "findings of fact and conclusions of law." The statutory scheme then provides for judicial review of the decision of the director in the Appellate Division of the Superior Court of New Jersey.  N.J. Stat. Ann. § 10:5-21.  As a whole, these statutory provisions manifest the clear intent of the legislature to cause the determination of the director of the Division of Civil Rights to have the force of law.

Plaintiff's characterization of the Division of Civil Rights proceedings as merely "investigatory" rests on his assertion that "DCR proceedings are divided into two stages: an investigatory period; and an adjudicatory period in which a hearing is conducted before an Administrative Law Judge."  (Pl.'s Opp. Br. 7.)  This assertion is not completely wrong, but inaccurate and oversimplified, because the statute allows for a number of paths that a complaint may follow.  First, pursuant to N.J. Stat. Ann. § 10:5-13, a complainant may elect to present the complaint to the Office of Administrative Law within 180 days of the initial filing of the complaint with the DCR.  If the complainant does not elect to do so, the DCR investigates, and the director may issue a finding of probable cause or no probable cause.  If the director issues a finding of  probable cause, pursuant to N.J. Stat. Ann. § 10:5-16, the matter goes to a quasi-judicial proceeding.  Lastly, pursuant to N.J. Stat. Ann. § 10:5-21, once the director has issued a final determination, any person may appeal that order to the Appellate Division of the Superior Court of New Jersey.

Plaintiff here selected the last option: he pursued his complaint with the DCR until the completion of the DCR process.  After the director issued a final determination of no probable cause, he appealed the decision to the Appellate Division.  Even if this Court, for the sake of

discussion, were to agree that the process, in general, can be broken down into an investigatory period and an adjudicatory period, the fact remains that Plaintiff pursued his complaint from investigation through adjudication.  Having completed the adjudication provided by statute, Plaintiff cannot now claim that his complaint was not adjudicated.  Plaintiff asserts, correctly, that the parties did not litigate the matter before an ALJ.  Instead, they litigated the matter before the Appellate Division of the New Jersey Superior Court.

Plaintiff, however, contends that his case has not been litigated in any court, because he did not have a "full and fair opportunity" to litigate his claim.  (Pl.'s Opp. Br. 9.)  Plaintiff does not explain, however, how the litigation before the Appellate Division of the New Jersey Superior Court did not afford him a full and fair opportunity to litigate his claim.  In order to defeat a motion for summary judgment, a party may not rely on bald conclusions.  Plaintiff has not made any demonstration that the proceeding before the Appellate Division of the New Jersey Superior Court did not afford him a full and fair opportunity to litigate his claim.  Plaintiff has given this Court no reason to conclude that he did not have the opportunity to fully and fairly litigate the issue of age discrimination in a court which issued a final judgment on the merits.

Furthermore, although neither side has provided a citation to any controlling authority for the proposition that judicial review of DCR determinations, pursuant to N.J. Stat. Ann. § 10:5-21, will or will not be given preclusive effect, the Court notes that the New Jersey Supreme Court has stated: "The determinations made by administrative agencies are entitled to preclusive effect if rendered in proceedings which merit such deference."  Hernandez v. Region Nine Hous. Corp., 146 N.J. 645, 660 (1996).  Plaintiff has made no demonstration here that the DCR determination, as affirmed by the Appellate Division, does not merit deference.  Rather, in view of the fact that a

7

state court reviewed the administrative agency's determination, as authorized by statute, the finding of no probable cause appears to be a determination rendered in proceedings which merit deference.

Such deference is further merited by the statutory scheme established by the NJLAD. The legislature created a scheme in which the final determination of the DCR director is given absolute preclusive effect with regard to NJLAD claims. Thus, the legislature must have intended that the DCR proceedings merit deference, or it would not have given the director's determination its preclusive effect. This strongly suggests that the procedures established by the legislature in the statutory scheme of the NJLAD provide a fair and final determination of the dispute.

Finally, the technical requirements of collateral estoppel aside, Plaintiff has given this Court no reason to think that justice or fairness requires that he now be allowed to litigate this issue. Plaintiff has not even suggested a specific way in which the previous proceedings were unfair to him, or that some essential characteristic of a just resolution to a dispute was absent. Rather, it appears that Plaintiff here seeks a second bite at the apple, in relitigating an issue already litigated. Our system of justice does not ordinarily accord such opportunities.

This Court concludes that the requirements for collateral estoppel have been met, and that Plaintiff is precluded from relitigating the issue that his former employer, NJCU, discriminated against him on the basis of age. Because he is precluded from relitigating that issue, his claims of age discrimination pursuant to the ADEA cannot succeed. As to the ADEA claims, Defendant's motion for summary judgment will be granted.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant has shown that it is entitled to judgment as a matter of law, and the motion for summary judgment is granted in its entirety.  Judgment is hereby entered in favor of Defendant on the Complaint in its entirety.


                                       /s Stanley R. Chesler
                                         STANLEY R. CHESLER
                                         United States District Judge

Dated: April 15, 2011